IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-527-D

| | |
|---|---|
| DEBRAH RUTH COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

On October 7, 2011, Debrah Ruth Cox ("Cox" or "plaintiff") filed a complaint under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of Michael Astrue's ("Commissioner" or "defendant") denial of disability and disability insurance benefits [D.E. 6]. On March 28, 2012, Cox moved for judgment on the pleadings and submitted a memorandum in support [D.E. 28, 29]. On July 11, 2012, the Commissioner filed a motion for judgment on the pleadings and submitted a memorandum in support [D.E. 34, 35]. As explained below, the court denies Cox's motion and grants the Commissioner's motion.

I.

On May 28, 2008, Cox applied for disability benefits and stated that her disability began on April 25, 2007. Tr. 50, 126. Cox alleged that she suffered from uncontrollable hypertension, vision loss, chronic obstructive pulmonary disease ("COPD"), acid reflux, coronary artery disease, depression, masses on her brain, and blocked arteries. Tr. 150. Her claim was denied initially and on reconsideration. Tr. 53–55, 58–61. Cox requested a hearing before an Administrative Law Judge ("ALJ"), which took place on December 16, 2009. Tr. 24–49.

At the hearing, Cox (who was represented by counsel) testified that her medical conditions made her unable to continue her work as a teaching assistant. Tr. 28–29. She described various symptoms including pain, fatigue, dizziness, vision problems, trouble breathing, and depression. Tr. 28–39, 43–44. Although Cox rated her pain as a six on the pain scale, she did not take painkillers. Tr. 33. Cox also testified that she was able to clean her house, drive, maintain social ties, and run errands. Tr. 29–31. She mentioned that she was receiving a "State long-term disability check," but that it would expire on an unknown date. Tr. 37.

On December 23, 2009, the ALJ denied Cox's claim for benefits. Tr. 12–23. The ALJ found that Cox was not disabled within the meaning of the Social Security Act. Tr. 15. Cox requested review, which the Appeals Council denied on August 3, 2011. Tr. 1–4. Cox timely filed this action for judicial review.

II.

This court reviews the Commissioner's denial of benefits pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). The court's review is limited to determining whether the ALJ's decision is supported by substantial evidence and whether the ALJ applied the correct legal standard. See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is more than a mere scintilla of evidence, but may be less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "In reviewing for substantial evidence, [the court does not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Mastro, 270 F.3d at 176 (quotation omitted).

The ALJ performed the prescribed five-step process. See 20 C.F.R. § 404.1520(a)(4); Johnson, 434 F.3d at 654 n.1.[1] The ALJ first found that Cox had not engaged in substantial gainful

---

[1] The ALJ is to determine whether the claimant (1) is currently working, (2) has a "severe" impairment that (3) meets or exceeds the listings of specified impairments, or is otherwise

2

activity since April 25, 2007, the alleged disability onset date. Tr. 17. At step two, the ALJ found that Cox had numerous severe impairments, including degenerative disc disease, COPD, carotid artery stenosis, high blood pressure, visual impairment, and affective disorder. Id. At step three, the ALJ found that these impairments did not equal a listed impairment. Tr. 17–18. At step four, the ALJ found that Cox had the residual functional capacity to perform light work[2] but could not perform the duties of her past relevant work. Tr. 18–22. At step five, the ALJ determined that Cox could perform the duties of a housekeeper or counter clerk, positions which exist in significant numbers in the national economy. Tr. 22–23. Accordingly, the ALJ denied Cox's application for disability benefits. Tr. 23.

Cox seeks judicial review and makes two arguments. First, Cox argues that the ALJ erred in failing to consider and discuss her award of long-term disability benefits. Pl.'s Mem. [D.E. 29] 4. Specifically, Cox asserts that her former employer, Cumberland County Schools, awarded her these benefits. Id.

In making a determination of disability, an ALJ should give weight to the disability findings of other agencies as evidence of a claimant's condition, although their findings are not binding on the ALJ. See Hicks v. Gardner, 393 F.2d 299, 302 (4th Cir. 1968); see also SSR 06-03p, 2006 WL 2329939, at *6–7 (Aug. 9, 2006); 20 C.F.R. §§ 404.1504, 404.1512(b)(5); cf. Bird v. Comm'r of the Soc. Sec. Admin., 699 F.3d 337, 343–44 (4th Cir. 2012) (holding that in making a disability determination the SSA must give substantial weight to a VA disability rating). Cox argues that the

---

incapacitated to the extent that the claimant does not have the residual functional capacity to (4) perform past work or (5) perform any other work. See Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). The burden of proof and production for the first four steps rests on the claimant; at step five, the burden shifts to the Commissioner to show that there is work in the national economy that claimant can perform. Id.

[2]The ALJ also found that the light work was subject to restrictions including: only occasional bending, crouching, and climbing stairs; limited exposure to fumes, odors, and temperature extremes; simple one- or two-step instructions; no production level work pace; no work at unprotected heights or around dangerous machinery; and no close visual acuity. Tr. 18.

3

ALJ's failure to consider her award of long-term disability benefits warrants remand. See Hair v. Astrue, No. 5:10-CV-309-D, 2011 WL 2681537, at *7–8 (E.D.N.C. June 16, 2011) (unpublished), adopted by 2011 WL 2693298 (E.D.N.C. July 11, 2011) (unpublished). In response, the Commissioner argues that the record contains no documentation of the alleged award by the Cumberland County Schools. See Def.'s Mem. Supp. Mot. J. [D.E.35] 11.

The record does not contain evidence that the Cumberland County Schools found Cox to be disabled or the standard that the Cumberland County Schools used if it did make such a finding. The only references to an award of disability benefits are Cox's brief, unsubstantiated statements. Tr. 37, 263. Although Cox also cites wage reports showing that she received payments from her employer after she stopped working, Tr. 141, 145, these documents do not identify the payments as disability benefits.

In a claim for Social Security disability benefits, the claimant must furnish medical and other evidence at steps one through four. See 20 C.F.R. § 404.1512(a); Pass, 65 F.3d at 1203. Cox furnished no evidence of the alleged determination of the Cumberland County Schools during her application process, administrative hearing, petition to the Appeals Council, or before this court. Therefore, there was no evidence for the ALJ to consider, and the ALJ did not err in failing to consider the Cumberland County Schools' alleged disability determination. See Halverson v. Astrue, 600 F.3d 922, 933–34 (8th Cir. 2010); Fields v. Dir., Office of Workers' Comp. Programs, 986 F.2d 1413, 1993 WL 46833, at *3 n.* (4th Cir. Feb. 23, 1993) (per curiam) (unpublished table decision); McDowell v. Astrue, No. 3:11-cv-652-RJC-DSC, 2012 WL 4499283, at *2 (W.D.N.C. Sept. 28, 2012) (unpublished); Overstreet v. Astrue, No. 4:11-CV-58-JG, 2012 WL 4355505, at *6–7 (E.D.N.C. Sept. 21, 2012) (unpublished).

Alternatively, even if Cox now produced evidence of such a disability determination, it would not warrant remand. Remand is permitted "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the

4

record in a prior proceeding." 42 U.S.C. § 405(g). Thus, remand requires that the evidence be (1) new, (2) material, and (3) previously omitted for good cause. Smith v. Chater, 99 F.3d 635, 638 n.5 (4th Cir. 1996). The burden of showing these elements rests on the claimant. Id.

Cox has not met any of the three requirements. First, Cox has not submitted any additional evidence. Thus, there is no basis for the court to conclude that there is new evidence. Second, evidence is material if there is a reasonable possibility that it would have changed the outcome of the disability determination. Wilkins v. Sec'y of Health and Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). Cox has not provided the alleged disability award determination or shown that this decision was based on the same standard that the ALJ used. Hence, she has not shown that a previous award of long-term benefits is material. Finally, good cause requires a good explanation for the failure to submit the evidence earlier. See Smith, 99 F.3d at 638 & n.5; Overstreet, 2012 WL 4355505, at *7. Cox, however, offers no reason for failing to submit this evidence at the administrative level. Accordingly, Cox has failed to show good cause. Thus, remand is not warranted. See Smith, 99 F.3d at 638 n.5.

The failure to consider an award of long-term disability benefits also could warrant remand if the ALJ did not create a complete record for his decision. An ALJ "cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). However, the "ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459–60 (9th Cir. 2001). The ALJ "has no duty to go to inordinate lengths to develop a claimant's case." Craft v. Apfel, 164 F.3d 624, 1998 WL 702296, at *3 (4th Cir. Oct. 6, 1998) (unpublished table opinion) (quotation omitted). Rather, particularly where a claimant is represented by counsel (as here), the ALJ may presume that claimant's counsel has presented claimant's strongest case. Nicholson v. Astrue, 341 F. App'x 248, 253 (7th Cir. 2009) (unpublished).

5

Furthermore, the ALJ's decision will not be overturned for failure to develop the record unless "such failure is prejudicial to the claimant." Marsh v. Harris, 632 F.2d 296, 300 (4th Cir. 1980). Here, Cox has failed to show prejudice. Notably, Cox did not highlight her alleged receipt of long-term disability benefits during the administrative process, but only mentioned them in passing. Tr. 37, 263. Moreover, her financial records do not contradict or support her assertion of receiving disability benefits. Tr. 141, 145. Thus, there was not a clear evidentiary gap. Additionally, nothing indicates that having access to her alleged benefits award would have changed the outcome. The ALJ decided this case on an extensive record of medical and other evidence. Cox does not argue that the determination of her disability benefits award was based on any information other than that already available to the ALJ. Accordingly, Cox's first argument fails.

Second, Cox argues that the ALJ did not properly consider all evidence of record in evaluating her COPD. Pl.'s Mem. 7. Specifically, Cox contends that the ALJ erroneously failed to discuss her May 1, 2009 pulmonary function test. Id. However, "a written evaluation of every piece of testimony and submitted evidence is not required." Anderson v. Bowen, 868 F.2d 921, 924 (7th Cir. 1989). Instead, the ALJ need only provide the court with "sufficient reasoning for determining that the proper legal analysis has been conducted." Page v. Astrue, No. 5:11-CV-590-FL, 2012 WL 4889597, at *10 (E.D.N.C. Sept. 20, 2012) (unpublished); Lemacks v. Astrue, Civil Action No. 8:07-2438-RBH-BHH, 2008 WL 2510087, at *6 (D.S.C. May 29, 2008) (unpublished).

The ALJ did not err in failing to specifically mention the results of Cox's pulmonary function test. The ALJ discussed Cox's COPD, including extensive medical evidence from 2008 and 2009 concerning her COPD and concerning the opinion of her treating physician. See Tr. 20–21. The ALJ was not required to discuss each diagnostic input and did not err in failing to discuss her May 1, 2009 pulmonary function test. See Anderson, 868 F.2d at 924; White v. Astrue, No. 2:08-CV-20-FL, 2009 WL 2135081, at *4 (E.D.N.C. July 15, 2009) (unpublished). Therefore, Cox's second argument fails.

6

III.

In sum, substantial evidence supports the conclusion that Cox was not disabled under the Social Security Act, and the ALJ correctly applied the relevant legal standards. Accordingly, Cox's motion for judgment on the pleadings [D.E. 28] is DENIED, the Commissioner's motion for judgment on the pleadings [D.E. 34] is GRANTED, and the Commissioner's decision is AFFIRMED. The clerk shall close the case.

SO ORDERED. This 30 day of January 2013.

JAMES C. DEVER III
Chief United States District Judge